**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Ceasar GONZALES, also known as Rene Castro, also known as Ceasar Elliot Gonzales, Defendant–Appellant.**

No. 12–40712
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 3, 2013.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant

Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Ceasar Gonzales appeals his 44–month sentence for unlawful presence in the United States under 8 U.S.C. § 1326(b). He contends that the district court plainly erred by imposing the 16–level crime of violence enhancement in U.S.S.G. § 2L1.2 based upon his prior conviction for burglary of a habitation under Texas Penal Code § 30.02(a)(1). According to Gonzales, the Texas offense does not qualify as the enumerated offense of burglary of a dwelling in the commentary to § 2L1.2 because Texas defines "owner" to include "a person who[ ] has … a greater right to possession of the property than the actor."

Because Gonzales did not object to the enhancement in the district court, we review for plain error. *See United States v. Morales–Mota,* 704 F.3d 410, 411 (5th Cir. 2013). We rejected a materially indistinguishable argument in *Morales–Mota,* 704 F.3d at 412–13. In light of *Morales–Mota,* we find no error here, plain or otherwise. *See id.*

AFFIRMED.